# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MARK ROBINSON,                                    CASE NO. 06-CV-11922

    Plaintiff,

v.                                                DISTRICT JUDGE DAVID M. LAWSON
                                                  MAGISTRATE JUDGE CHARLES E. BINDER
DION MIDDLEBROOK, Doctor,
GREGORY CASEY, Doctor,
ALEX GLOVER, Nurse,
S. GREGUREK, Nurse,
SHERRY BURTS, Warden,
PATRICIA CARUSO, Director,
Michigan Department of Corrections,
STATE OF MICHIGAN,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

**I.**  **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the complaint be *sua sponte* **DISMISSED WITHOUT PREJUDICE** because Plaintiff has failed to demonstrate exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a).

**II.    REPORT**

    **A.    Introduction**

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge David M. Lawson to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b).  (Dkt. 3.)  Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") and is currently housed at the Southern Michigan Correctional Facility in Jackson, Michigan.  On April 25, 2006, Plaintiff filed a complaint asserting that he is being "slowly murdered" by the deprivation of proper medical attention and treatment.  (Compl., Dkt.1 at 4.)  Plaintiff, who receives dialysis treatments, alleges that defendants "are directly or indirectly responsible for causing me pain and suffering through Deliberate Indifference and/or Neglegence [sic] and Malpractise [sic]" as well as "the violation of my civil and Constitutional Rights . . . ."  (*Id.*)

Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) was granted on July 6, 2006.  After screening the *pro se* prisoner complaint, I conclude that the case is ready for Report and Recommendation.

    **B.    Screening Provisions**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A,[1] 28 U.S.C. § 1915(e),[2] and 42 U.S.C. § 1997e(c)(1),[3] the Court

---

[1] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

must *sua sponte* dismiss this case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989). When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint "must nonetheless 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Perry v. Southeastern Boll Weevil*

---

(2) seeks monetary relief from a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part that,

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . .

    (i)  is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

*Eradication Foundation*, 154 Fed. Appx. 467, 472 (6th Cir. 2005) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

### C. Exhaustion of Administrative Remedies

This case is also subject to the Prison Litigation Reform Act's mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "The plain language of the statute makes exhaustion a precondition to filing an action in federal court . . . ." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The exhaustion requirement is mandatory, and applies to all prisoner claims regardless of the types of relief offered through a prison's or jail's administrative procedures. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825, 149 L. Ed. 2d 958 (2001).

In the Sixth Circuit, prisoners bear the burden of demonstrating that they have met the exhaustion requirement: "[T]his court will henceforth require that prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To satisfy the burden of demonstrating exhaustion, a prisoner must "plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome." *Knuckles-El v. Tombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The MDOC provides prisoners with a three-step grievance procedure for bringing forward their concerns and complaints. *See generally* MDOC Policy Directive 03.02.130. A Michigan prisoner must proceed through all three steps of the process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*,

4

199 F.3d 305, 309 (6th Cir. 1999). *See also Booth*, 121 S. Ct. at 1822 (affirming dismissal of § 1983 action where prisoner filed an administrative grievance, but did not "go beyond the first step"). Therefore, to demonstrate exhaustion of administrative remedies, a Michigan prisoner must provide the Court with copies of the grievances he submitted at all three steps regarding each claim he seeks to raise under § 1983, and the administrative responses he received, up to and including the response to his Step III grievance appeal. In the absence of these documents, the grievances filed and the responses received must be described in detail.

The Court then reviews the grievances to determine whether each claim against each defendant was specifically raised, because the rule requires that "a prisoner file a grievance against the person he ultimately seeks to sue" so that "the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). Furthermore, "[f]or a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). The exhaustion requirement is not met if the prisoner did not mention an individual defendant until Step II or Step III of the process. *Id.*

At this time, the rule in the Sixth Circuit is one of "partial exhaustion." In other words, when a prisoner files a mixed complaint – one containing both exhausted and unexhausted claims – the district court must dismiss without prejudice the unexhausted claims and the case proceeds on the basis of the exhausted claims. *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006) (explaining the tortured history of the "total exhaustion rule" versus the "partial exhaustion rule" in this circuit).

**D.     Discussion**

In this case, Plaintiff has attached nine pages of grievance documentation to his complaint. (Compl. at 11-19.)  The documents correspond to three separate grievances, which will be addressed individually to determine whether Plaintiff has met the Sixth Circuit's requirements for demonstrating exhaustion of administrative remedies with regard to any of the claims asserted in his complaint.

**1.     Grievance #JMF-05-0801334-12e3**

This grievance was submitted to Step I on July 30, 2005, and alleged the following:

> On 7-29-05 I went for my regular dialysis treatment, which lasted for approx. 3 ½ hrs, I weighed in at 79.1 klg.  Upon completion of my treatment when I weighed myself again my weight was 79.4.  Instead of fluids being extracted from me, I gained approx. 0.04 of fluids.  Lately, dialysis techs have been making grave mistakes with very serious consequences, including this current issue and it has to stop before a dialysis patient is killed or given someone else['s] diseases.  I'm requesting a full investigation of the dialysis unit ASAP.

(Compl. at 14.)  Plaintiff has provided documentation showing that he appealed this grievance to Step II on August 22, 2005.  He also appealed to Step III, and the Step III response was prepared on October 3, 2005.

Despite the fact that Plaintiff has shown that he proceeded through all three steps of the grievance process with regard to this issue, I am constrained to conclude that this grievance does not demonstrate exhaustion of any claim brought forth in Plaintiff's civil rights complaint because no defendant was named in the Step I grievance.  The Sixth Circuit has explicitly held that the exhaustion rule requires "a prisoner [to] file a grievance against the person he ultimately seeks to sue" and that this person be named in the first-step grievance.  *Curry,* 249 F.3d at 505; *Burton*, 321 F.3d at 575.  Plaintiff's grievance mentioned only the "dialysis techs," none of whom were named

6

as defendants, and therefore does not satisfy the requirements of *Curry* and *Burton* to demonstrate exhaustion of administrative remedies with regard to any of the claims in the complaint.

### 2. Grievance No. JMF-2006-03-0551-09D

The only document relating to this grievance is a Step I receipt. (Compl. at 12.) Since Plaintiff has not demonstrated either that he named a defendant at Step I or that he appealed through Step III, it does not satisfy the exhaustion requirement with regard to any claim asserted in the complaint.

### 3. Grievance No. JMF-2006-02-0370-12D3

In this grievance, Plaintiff alleged that Defendant "Dr. Casey performed needless surgery on me and made the problem I came to him with even worse!" (Compl. at 16.) Thus, Plaintiff did meet the requirement of naming a defendant in the Step I grievance. However, this grievance nevertheless fails to satisfy the exhaustion requirement with regard to Plaintiff's claim against Dr. Casey because Plaintiff has not alleged or demonstrated that he proceeded through to Step II or Step III of the grievance process; the only documents attached to the complaint other than the Step I grievance itself are the Step I receipt (*id.* at 13) and the Step I response (*id.* at 18).

### 4. Conclusion

Accordingly, I suggest that the complaint be *sua sponte* dismissed without prejudice for failure to exhaust administrative remedies because Plaintiff has not demonstrated that he named any of the defendants in a Step I grievance which he appealed through Step III of the process, as required by 42 U.S.C. § 1997e(a) and Sixth Circuit precedent.

7

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                               s/ *Charles E. Binder*
                                                            CHARLES E. BINDER
Dated: July 20, 2006                                         United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Mark Robinson and Honorable David M. Lawson.

Dated: July 20, 2006                                          By        s/Mary E. Dobbick
                                                                     Secretary to Magistrate Judge Binder